IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE JUAN MORENO, § | | |
| TDCJ-CID NO. 1008537, § | | |
| Petitioner, § | | |
| § | | |
| V. § | C.A. NO. C-05-078 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutional Division, § | | |
| Respondent. § | | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS

In this § 2254 habeas corpus action, petitioner, Jose Juan Moreno, challenges his 2000 conviction for driving while intoxicated ("DWI") on the grounds that he received ineffective assistance of counsel, his due process rights were violated, the judge imposed an illegal sentence, and that his sentence was illegally enhanced. (D.E. 1, at 7-8).

Respondent moves to dismiss Mr. Moreno's petition on the grounds that it is time barred pursuant the AEDPA's one-year statute of limitations, and in addition, some of his claims are unexhausted. (D.E. 14, at 3-10). In the alternative, respondent moves for summary judgment because Mr. Moreno has failed to demonstrate that he is entitled to relief. (D.E. 12, at 10-17). Petitioner failed to file

a response to the respondent's motion.[1]

For the reasons stated herein, it is respectfully recommended that the respondent's motion to dismiss be granted, and therefore, Mr. Moreno's petition be dismissed as time barred.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND

The Director has lawful custody of Mr. Moreno pursuant to a judgment and sentence of the 180th District Court of Harris County, Texas, in cause number 853681, styled The State of Texas v. Jose Juan Moreno. Ex parte Moreno, App. No. 57,244-01, at 32. Mr. Moreno pleaded not guilty to the DWI, and pleaded true to the enhancements. Id. He was convicted and sentenced to twenty-five years imprisonment to be served in TDCJ-CID on September 27, 2000. Id.

Mr. Moreno filed a direct appeal of his conviction to the Court of Appeals in the First Judicial District of Texas. Moreno v. State, No. 01-00-01258-CR (Tex. Crim. App. Oct. 18, 2001) (unpublished). His conviction was affirmed on October 18, 2001. Id. The Court of Criminal Appeals denied Mr. Moreno's petition for

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

discretionary review on May 15, 2002.  Moreno v. State, No. 364-02, at cover.

Mr. Moreno filed his first state application for writ of habeas corpus challenging his conviction on August 19, 2003.  Ex parte Moreno, App. No. 57,244-01, at 2.  On November 19, 2003, the Texas Court of Criminal Appeals denied this application based on the findings of the trial court.  Id. at cover.  Mr. Moreno filed his second state habeas application on April 20, 2004.  Ex parte Moreno, App. No. 57,244-02, at 2.  His second state habeas application was dismissed as a subsequent application on October 8, 2004.  Id. at cover.

Mr. Moreno filed his federal petition for writ of habeas corpus on February 7, 2005.[2]  (D.E. 1, at 9).  This Court docketed the case on February 17, 2005.  (D.E. 1, at 1).

### III.  PETITIONER'S ALLEGATIONS

Mr. Moreno argues that he is entitled to habeas relief based on the following four grounds:

1. Illegal sentence;

2. Illegal enhancement;

3. Ineffective assistance of counsel; and

---

[2] A habeas petition is considered to be filed with the Court on the date that the petition is tendered to the Court, which the Fifth Circuit has held is the date that the petition is placed into the prison mail system.  Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).  Mr. Moreno signed his federal habeas petition on February 7, 2005.  (D.E. 1, at 9).  Therefore, he could not have mailed the petition prior to February 7, 2005.

    4.    Violation of his due process rights by the Texas Court of Criminal Appeals because it refused his first state habeas application without a written order.

(D.E. 1, at 7-8).

## IV.  EXHAUSTION OF STATE COURT REMEDIES

A federal writ of habeas corpus from an individual in state custody shall not be granted unless the individual has exhausted his remedies in the state courts, or there is an absence of state court remedies, or circumstances render the state's remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).

Respondent argues that Mr. Moreno has not exhausted his first three claims, and that his fourth claim fails to state a claim for which habeas relief can be granted.  (D.E. 14, at 3).

Respondent points out that the exhaustion requirement ensures that state courts have an opportunity to consider federal law challenges to state custody before the federal courts can entertain such assertions.  (D.E. 14, at 4) (citing Duncan v. Walker, 533 U.S. 167, 178-79 (2001)).  Respondent correctly notes that "'a habeas petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court.'"  (D.E. 14, at 4) (citing Graham v. Johnson, 94 F.3d 958, 968 (5th Cir. 1996) (per curiam)).  If a claim is "in a significantly different and stronger evidentiary

posture than it was before the state courts," then the exhaustion requirement of § 2254(b) has not been satisfied. Joyner v. King, 786 F.2d 1317, 1320 (5th Cir. 1986).

However, where the new information "does not fundamentally alter" the claim, but supplements the record, it "does not place the claim in a significantly different legal posture." Morris v. Dretke, 413 F.3d 484, 496 (5th Cir. 2005) (citing Anderson v. Johnson, 338 F.3d 382, 388 (5th Cir. 2003)). In Morris, the Fifth Circuit found that while the petitioner's claim was "in a comparatively stronger evidentiary posture," this was mitigated in favor of exhaustion due to several factors, including a finding that petitioner's briefs in state court were detailed in both law and fact, the new evidence did not "fundamentally alter [the petitioner's] state claim," and nothing in the record indicated an "'attempt to expedite federal review by deliberately withholding essential facts from the state courts.'" Id. (citations omitted).

### A. Illegal Sentence Claim.

Mr. Moreno's first claim is that he received an illegal sentence. He alleges the following facts and arguments in support of his first ground: (1) a DWI is punishable by a ten year maximum incarceration without any enhancements; (2) a DWI can be enhanced within a ten year period; and (3) the twenty-five year sentence petitioner received should be void because misdemeanor offenses were

used for enhancement purposes.  (D.E. 1, at 7).

In his first state habeas application, Mr. Moreno raised the ground of an illegal sentence.  Ex parte Moreno, App. No. 57,244-01, at 7.  In that petition, he argued the following facts: (1) on August 1, 2000, Judge Stricklin sentenced him to ten years for the DWI; and (2) he was later indicted with an enhancement, and sentenced to twenty-five years for the same DWI.  Id.  Mr. Moreno also raised the ground of an illegal sentence in his second state habeas petition.  Ex parte Moreno, App. No. 57,244-02, at 7.  He alleged the following facts in that petition: (1) that he entered into a plea bargain for a third degree felony punishment, but once in court, he received a twenty-five year sentence; (2) that his attorney had not informed him that he could receive this sentence; (3) that Texas Penal Code § 12.42(d) did not comport with Texas Penal Code § 49.09(g) or (f); and (4) that his sentence did not comport with the penal code.  Id.

Mr. Moreno did not allege, in either of his state habeas applications, that the offense of DWI was punishable by ten years maximum incarceration without any enhancements, that a DWI could only be enhanced within a ten year period, or that his twenty-five year sentence was void because it was enhanced based on misdemeanor offenses.  Mr. Moreno's illegal sentence ground, as presented to this Court, is fundamentally different from the factual support presented by Mr. Moreno to the state court.  Therefore, it is respectfully recommended that the Court find that

his first claim of illegal sentence has not been exhausted.

**B.      Illegal Enhancement Of Mr. Moreno's Sentence Claim.**

The second claim Mr. Moreno has presented, to this Court, is illegal enhancement of his sentence. (D.E. 1, at 7). He alleges the following in support of his second claim: (1) a DWI can only be enhanced by other felony DWI convictions within a ten year period; and (2) his sentence was illegally enhanced by using prior misdemeanor offenses. Id. In his petition for discretionary review, Mr. Moreno alleged the State used the same conviction for both jurisdiction and punishment enhancement, which violated Texas Penal Code Section 49.09(f). Moreno v. State, No. 364-02.

Mr. Moreno did not present to the state court his allegation that a DWI could only be enhanced within a ten year period. However, he did substantively present to the state court that his sentence was illegally enhanced based on misdemeanor convictions, and that only felony convictions could be used for enhancement purposes. Concerning Mr. Moreno's claim of illegal sentence enhancement, he has not presented this Court with information that fundamentally alters the arguments presented to the state court. In this case, the information presented supplements the record without fundamentally altering the essence of the claim. Therefore, it is respectfully recommended that the Court find that his second claim of illegal enhancement of his sentence has been exhausted.

## C.   Ineffective Assistance of Counsel Claim.

Next, Mr. Moreno asserts that he received ineffective assistance of counsel. (D.E. 1, at 7).  He argues that his counsel should have objected to the enhancement of his sentence during the punishment phase.  Id.  In his first state habeas application, Mr. Moreno raised the issue of ineffective assistance of counsel.  Ex parte Moreno, App. No. 57,244-01, at 8.  He questioned his attorney's acquiescence to the state's indictment for a DWI for which he had already been sentenced in 2000.  Id.  In addition, he argued that his counsel failed to stop the government from trying him for an offense for which he had already received a sentence.  Id.

Mr. Moreno also raised ineffective assistance of counsel as a basis for relief in his second state habeas application.  Ex parte Moreno, App. No. 57,244-02, at 7. He claimed that his attorney should have investigated his case prior to his guilty plea.  Id.  In support of this argument, he presented the following facts: (1) his attorney had no knowledge of his habitual status, or that the State intended to enhance the offense at the time of trial; (2) his attorney made a plea agreement that should have been followed; (3) his attorney should have withdrawn his plea bargain once the prosecution sought the enhancement of his sentence; and (4) his attorney did not investigate any of the facts surrounding the aforementioned allegations.  Id.

Mr. Moreno's request for habeas relief on the ground of ineffective

assistance of counsel based on his counsel's failure to object to the enhancement during the punishment phase has been presented to the state courts. His first habeas petition, while not specifically citing the failure to object, stated he was denied ineffective assistance of counsel when his attorney let him be "indicted," and tried for DWI again at the sentencing phase. He was challenging his counsel's failure to take action, such as an objection, at the sentencing phase in relation to the enhancement of his sentence.

Mr. Moreno's claim of ineffective assistance of counsel is not significantly different than when he presented the claim to the state courts. See Joyner, 786 F.2d at 1320. Therefore, it is respectfully recommended that the Court find that his claim of ineffective assistance of counsel has been exhausted.

**D.      Due Process Rights Violations By The Texas Court of Criminal Appeals.**

Finally, Mr. Moreno asserts that his right to due process was violated by the Texas Court of Criminal Appeals because it refused his first state habeas application without a written order. Concerning this final claim, Mr. Moreno has failed to show a claim upon which federal habeas relief can be granted. Vail v. Procunier, 747 F.2d 277, 277 (5th Cir. 1984) ("Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief."). The Court need not address whether Mr. Moreno has exhausted his fourth claim before the state courts. 28 U.S.C. § 2254(b)(2).

A federal district court may review a federal habeas petition, even where the petitioner has not exhausted his claims at the state level, if there is the absence of a State remedy, or if circumstances render that remedy incapable of protecting a petitioner's rights.  28 U.S.C. § 2254(b)(1)(B).  Where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted.  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

Federal habeas relief may only be granted on procedurally defaulted claims if the petitioner can "demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice."  Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted); see also Nobles, 127 F.3d at 423 n.33.  The Fifth Circuit has held that a claim is procedurally barred from federal habeas review if the petitioner would be precluded from exhausting the same claim in state court pursuant to the Texas abuse of the writ doctrine.  Horsley v. Johnson, 197 F.3d 134, 136-37 (5th Cir. 1999).

Mr. Moreno's unexhausted claims would be found to be procedurally barred in Texas courts pursuant to Section 4 of Article 11.07 of the Texas Code of Criminal Procedure.  Horsley, 197 F.3d at 137.  Therefore, it is respectfully

recommended that the Court find Mr. Moreno's final claim fails to state a claim upon which relief can be granted, and that it has been procedurally defaulted.

## V. DISCUSSION

### A.    The AEDPA's Statute Of Limitations

Pursuant to the 1996 amendments to the federal habeas corpus statute, which took effect April 24, 1996,[3] state prisoners have a one-year statute of limitations within which to file a petition for federal habeas corpus relief. This limitations period runs from the latest of four alternative dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through

---

[3] These amendments are embodied in the Antiterrorism and Effective Death Penalty Act of 1995, ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Mr. Moreno's federal habeas petition, filed on May 5, 2005, is subject to the provisions of the AEDPA. Lindh v. Murphy, 521 U.S. 320, 336 (1997).

>the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This period is tolled during the time a petitioner seeks state post-conviction writ review:

>The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

**B.     Mr. Moreno's Claims Are Untimely.**

Applying AEDPA's one-year statute of limitations period to Mr. Moreno's petition establishes that all of his claims are untimely. AEDPA's statute of limitations began to run when the judgment became final after direct review or, alternatively, when the time for review had expired.[4]

Mr. Moreno was convicted and sentenced on September 27, 2000. Ex parte Moreno, App. No. 57,244-01, at 32. His sentence became final upon the expiration of time to seek direct review, which in this case was ninety days after the Court of Criminal Appeals refused his petition for discretionary review. Tex. R. App. P.

---

[4] The other sections are not applicable. The record does not reflect, nor does Mr. Moreno argue, that any unconstitutional state action prevented him from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). His claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Finally, Mr. Moreno does not argue, or establish that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D).

26.2(a)(2). In his case, Mr. Moreno's sentence became final on May 15, 2002. Moreno v. State, No. 364-02, at cover. Consequently, for Mr. Moreno, AEDPA's statute of limitations began to run on August 13, 2002. Absent tolling, for Mr. Moreno's petition to be considered timely filed, he would have had to file it by August 13, 2003: one year and ninety days following his denial of review. However, Mr. Moreno did not file his federal habeas petition challenging his conviction until February 7, 2005, nearly a year and a half after his limitations period had expired for filing a federal habeas petition. (D.E. 1, at 9).

Mr. Moreno's federal limitations period pursuant to AEDPA was not tolled by either of his state applications for writ of habeas corpus. He filed his first state habeas petition on August 19, 2003, which was rejected by the Texas Court of Criminal Appeals on November 19, 2003. Ex parte Moreno, App. No. 57,244-01, at 2. His second state habeas application was filed on April 20, 2004, and dismissed on October 8, 2004. Ex parte Moreno, App. No. 57,244-02, at 2. Both of his state habeas applications were filed after AEDPA's one-year statute of limitations expired, August 13, 2003, and therefore, his state habeas applications did not toll AEDPA's statute of limitations. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (where a state habeas application is not filed until after the federal limitations period has run, pursuant to § 2244(d)(2), filing does not toll the limitations period).[5]

---

[5] This memorandum and recommendation to grant respondent's motion to dismiss does not address the merits of Mr. Moreno's claims of ineffective counsel, or illegal enhancement. Rather,

Consequently, it is respectfully recommended that Mr. Moreno's claims are time barred and that they be dismissed with prejudice.

## C.     Mr. Moreno Is Not Entitled To Equitable Tolling.

Additionally, Mr. Moreno has neither stated a claim for equitable tolling, nor is he entitled to equitable tolling. It is well settled that the one-year statute of limitations period of the AEDPA is not jurisdictional and is subject to equitable tolling. Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam). Equitable tolling, however, is permissible only under "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). In Davis, the Fifth Circuit permitted equitable tolling where the petitioner, a death penalty defendant whose attorney became incapacitated, diligently pursued his habeas corpus remedy, but erroneously relied on multiple extensions of time to file his petition. Id. at 811-12.

Notwithstanding Davis, the Fifth Circuit has rarely found exceptional circumstances to justify equitable tolling. See, e.g., Scott, 227 F.3d at 263 (no equitable tolling due to confiscation of legal materials and inadequate library where petitioner failed to pursue relief for six months prior to expiration of limitations); Grooms v. Johnson, 208 F.3d 488, 489-90 (5th Cir. 1999) (per curiam) (no equitable tolling for second habeas petition more than one year after first petition was dismissed for failure to exhaust); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.

---

it respectfully recommends that the petition be dismissed as time barred, and therefore, a discussion of the merits of petitioner's claims is unwarranted.

2000) (no equitable tolling based on *pro se* status or inadequate prison library); Ott v. Johnson, 192 F.3d 510, 513-14 (5th Cir. 1999) (no equitable tolling where petitioner waited to file state application until one day before limitations ran); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (per curiam) (no equitable tolling for seven-week delay between submission of state habeas petition to prison officials and date petition was file-stamped); Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) (no equitable tolling based on unfamiliarity with legal process or lack of representation); Fisher v. Johnson, 174 F.3d 710, 712-13 (5th Cir. 1999) (no equitable tolling where petitioner did not receive notice of the AEDPA's effective date until 43 days after its effective date and he spent 17 days in a psychiatric unit).

Here, Mr. Moreno offers no legitimate reason to explain why he did not timely file his habeas corpus application. Therefore, it is respectfully recommended that he has failed to establish that he is entitled to equitable tolling of the statute of limitations.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, this Court can nonetheless address whether he would be entitled to

a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The Supreme Court has held that "[t]he COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

In this case, reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Mr. Moreno is not entitled to a certificate of appealability as to his claims.

## VII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss be granted.  It is also respectfully recommended that Mr. Moreno's petition for habeas relief be dismissed with prejudice because all of his claims are time barred, his illegal sentence claim is unexhausted, and his due process claim is not a ground upon which habeas relief can be granted and procedurally barred.  Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 3rd day of November 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).